UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMAZIN' RAISINS INTERNATIONAL, INC. an Ontario, Canada corporation,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>OCEAN SPRAY CRANBERRIES, INC., a Delaware corporation,<br><br>　　　　　　　　Defendant. | Civ. Action No. 04-12679-MLW<br><br>**STIPULATED PROTECTIVE ORDER** as modified by the Court |

Each of the parties, Amazin' Raisins International, Inc. ("ARI") and Ocean Spray Cranberries, Inc. ("Ocean Spray"), asserts that it possesses information that is confidential. Each party wishes to ensure that its confidential information shall not be used for any purpose other than this action, shall not be made public, and shall not be disseminated beyond the extent necessary for this action.

Accordingly, the following procedure shall be adopted for the protection of the parties' respective confidential information:

### Definitions

1.　　CONFIDENTIAL INFORMATION means any document or thing, as defined by Rule 34 of the Federal Rules of Civil Procedure (hereinafter collectively referred to as "Documents"), considered by any party in good faith as confidential because it contains a trade secret or other information considered by such party to be confidential.

### Designation & Marking of Information

2.　　It is contemplated that each party shall or may produce certain of its Documents for inspection by the other party, or shall produce and deliver Documents without prior inspection, which may contain CONFIDENTIAL INFORMATION as well as nonconfidential information. To protect any and all CONFIDENTIAL INFORMATION contained in Documents produced for inspection, the inspecting party shall assume that all Documents produced for inspection are CONFIDENTIAL INFORMATION of the producing party and shall treat all such Documents as CONFIDENTIAL INFORMATION until the producing party has had the opportunity to designate and mark them as "CONFIDENTIAL," as required by paragraph 3, or for 30 calendar days, whichever comes first. With respect to Documents produced and delivered by one party without inspection by the other party, the producing party shall mark CONFIDENTIAL INFORMATION as required by paragraph 3 before producing them.

3.     For any Document that the producing party deems to be CONFIDENTIAL INFORMATION, the producing party shall prominently mark the Document "CONFIDENTIAL" on its face prior to producing and delivering it to the other party. All copies of such Document and any abstract, extract, excerpt, summary, memorandum, or other paper embodying information designated as CONFIDENTIAL pursuant to this Stipulated Protective Order shall be marked as required by this paragraph.

4.     Whenever a deposition involves a disclosure of CONFIDENTIAL INFORMATION, the following procedure shall be implemented:

(a)     At the request of the party whose CONFIDENTIAL INFORMATION is disclosed, the reporter shall prominently mark as "CONFIDENTIAL" each page of the transcript containing CONFIDENTIAL INFORMATION. Such request shall be made on the record whenever possible, but any party may designate portions or all of the transcript as CONFIDENTIAL INFORMATION after transcription, provided that written notice of the designation is provided to the other party within twenty (20) calendar days after receipt of the transcript. The parties shall not disseminate a deposition transcript or its contents beyond the persons designated in paragraphs 6, 7, and 8 for twenty (20) calendar days after receipt in order to give adequate time for such post-transcription confidentiality designation, except that portions of transcripts may be filed under seal with the Court at any time.

(b)     At the designating party's option, the reporter shall separate all portions of a deposition transcript designated as CONFIDENTIAL by the designating party during a deposition, and bind such portions separately from the nonconfidential portions of the deposition transcript. The reporter shall prominently mark as CONFIDENTIAL the cover and each page of such separately bound portions of the deposition transcript.

(c)     All separately bound deposition transcripts designated as CONFIDENTIAL, and all portions of transcripts designated as CONFIDENTIAL, shall be sealed and dissemination limited to persons identified in paragraphs 6, 7, and 8 hereof.

(d)     As a condition for allowing any former employee of a party to provide CONFIDENTIAL INFORMATION to the other party in this action, the party obtaining the information shall treat all information obtained from such former employee as CONFIDENTIAL INFORMATION unless and until: 1) the information has been or is obtained through other means such that it is not CONFIDENTIAL INFORMATION; 2) the former employing party agrees that the information is not CONFIDENTIAL INFORMATION; or 3) a Court of competent jurisdiction decides that the information is not CONFIDENTIAL INFORMATION.

5.     All Documents or deposition transcripts (or portions thereof) designated as CONFIDENTIAL which are included with or the contents disclosed in any paper filed with the Court shall be filed in sealed envelopes prominently marked with the caption of this action, the identity of the party filing the envelope, and including the following notice:

**CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER**

**THIS ENVELOPE IS NOT TO BE OPENED NOR ITS
CONTENTS DISPLAYED, COPIED, OR REVEALED,
EXCEPT BY COURT ORDER OR AGREEMENT OF THE PARTIES**

*Redacted copies shall be filed for the public record. /mlw/*

<u>Access to Confidential Information</u>

6. All Documents and all deposition transcripts (or portions thereof) designated as CONFIDENTIAL by any party in this action shall be maintained according to this Stipulated Protective Order and used solely in connection with this action. Nothing shall prevent the disclosure of any Documents or deposition transcripts (or portions thereof) designated CONFIDENTIAL (1) by the party who designated the information CONFIDENTIAL, or (2) to any employee of such designating party, or (3) to any nonparty who authored such information, or (4) to any witness giving testimony in this action where the testimony has been designated confidential.

7. Access to CONFIDENTIAL INFORMATION shall be restricted to the Court and its officers, any other court having jurisdiction over discovery procedures in the action and its officers, in-house counsel, one designated employee of each party other than in-house counsel who is actively involved in trial preparation and who, in advance of being given access to any such CONFIDENTIAL INFORMATION must be identified to the other party and read this Stipulated Protective Order and sign Exhibit A attached hereto, experts as set forth in paragraph 8(b) below, and counsel of record for each party in this action, including such partners, associate attorneys, paralegal assistants and stenographic or clerical employees of such counsel as have been assigned to assist counsel in the prosecution, defense, or settlement of the action, as well as jury consultants, their staff, and any mock jurors associated therewith.

8. If counsel of record for either party wishes to disclose to any testifying or nontestifying expert witness(es) or consultant(s) retained in connection with this action any of the other party's CONFIDENTIAL INFORMATION, the disclosing party shall, prior to such disclosure, provide a copy of this Stipulated Protective Order to such person(s). Before any such disclosure is made, such person(s) shall execute a written statement, in the form of Exhibit A attached hereto, acknowledging that he or she is familiar with the provisions of this Stipulated Protective Order and shall abide by them to the extent they are applicable. The disclosing party shall not be required to provide executed copies of Exhibit A to the other party, or to disclose the name(s) of such person(s) to the other party, except as otherwise ordered by the Court. If the person to which a party wishes to disclose CONFIDENTIAL INFORMATION of the other party is a legal entity, Exhibit A shall be signed by a person authorized to bind such entity, and such person, by signing Exhibit A, agrees and promises to advise its personnel of the obligations imposed by this Stipulated Protective Order and their obligation to comply with such obligations.

### Declarations of Nonconfidentiality

9. Any Documents or deposition transcripts (or portions thereof) bearing a CONFIDENTIAL designation may be declared nonconfidential (and therefore not subject to this Stipulated Protective Order) by written agreement of the parties or by the Court, upon motion of a party, to the extent that the moving party proves to the Court's satisfaction that such Documents or deposition transcripts (or portions thereof) contain:

(a) information which at the time of disclosure was available to the public;

(b) information which after disclosure to the other party in this action becomes available to the public through no act or failure to act by or on behalf of the receiving party, including the persons identified in paragraphs 6, 7 and 8 hereof; and

(c) information which as to the receiving party (including the persons identified in paragraphs 6, 7 and 8 hereof) was as a matter of written record (i) already known to the receiving party from sources that owed no obligation of confidentiality to the disclosing party, (ii) independently developed by the receiving party, (iii) obtained from the disclosing party without having been designated as CONFIDENTIAL (subject to paragraph 13 hereof), or (iv) received after disclosure in this action from a third party having the right to make such disclosure.

### Challenges to Confidential Designations

10. The receipt by a party of information designated CONFIDENTIAL by the other party shall not be construed as an agreement by the receiving party that such information is in fact confidential to the disclosing party, and shall not operate as a waiver of the receiving party's right to challenge any such designation.

11. In the event of any dispute with respect to the propriety or correctness of the designation of CONFIDENTIAL INFORMATION, the parties shall attempt to resolve the dispute by negotiation. If such negotiations fail, either party may move for an appropriate order. The information shall be treated as CONFIDENTIAL INFORMATION until the dispute is resolved, either by an express written agreement between the parties or by order of the Court.

12. No party shall be obligated to challenge the proprietary or correctness of the other party's designation of information as CONFIDENTIAL, and a failure to do so shall not preclude a subsequent challenge to such designation. The burden of proof with respect to the proprietary or correctness of the designation of information as CONFIDENTIAL shall rest upon the designating party, except that the burden of proving the exceptions set forth in paragraph 9 shall rest on the party asserting such exceptions.

### Subsequent Designation

13. If a party inadvertently produces any Document or deposition transcript (or portions thereof) containing information that it deems CONFIDENTIAL INFORMATION without designating such information as CONFIDENTIAL, the disclosing party shall promptly upon

4

discovery of such inadvertent disclosure inform the receiving party in writing. Upon receiving such notice the receiving party shall treat the information as CONFIDENTIAL INFORMATION until the parties either agree that such information need not be treated as CONFIDENTIAL INFORMATION, or until this Court rules that such information is not CONFIDENTIAL INFORMATION. To the extent that such Document or deposition transcript (or portions thereof) may have been disclosed to persons other than persons described in paragraphs 7 and 8 hereof, the receiving party shall make every reasonable effort to retrieve the information promptly from such persons and to avoid any further disclosure to such persons.

### Privileged Information

14.     If a party inadvertently discloses to the other party information that is privileged or otherwise immune from discovery, the producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the information be returned. No party shall assert that such disclosure waived any such privilege or immunity. The receiving party shall return such inadvertently produced information and all copies thereof within ten (10) calendar days after the earliest time of (a) discovery by the receiving party of the inadvertent production, or (b) receiving a written request from the producing party. By returning such information to the producing party, the receiving party shall not waive its right to challenge, by motion to the Court, the disclosing party's assertion of such privilege or immunity.

### Post-Litigation Obligations

15.     Promptly upon completion of the litigation and all appeals, the parties shall return or destroy all Documents and deposition transcripts (or portions thereof) bearing a CONFIDENTIAL designation and all copies, abstracts, extracts, excerpts, and summaries of such Documents and deposition transcripts (or portions thereof), except that trial counsel for each party may retain a copy of all exhibits, transcripts, and pleadings, as well as copies of Documents and deposition transcripts (or portions thereof) designated as CONFIDENTIAL (and abstracts, extracts, excerpts, and summaries of such Documents and deposition transcripts (or portions thereof)) incorporated into counsel's working files.

### Other

16.     Nothing in this Stipulated Protective Order shall preclude any party from seeking and obtaining, by motion to the Court, additional protection with respect to the confidentiality or nonconfidentiality of Documents or deposition transcripts (or portions thereof), or relief from this Stipulated Protective Order with respect to particular Documents or deposition transcripts (or portions thereof) designated as CONFIDENTIAL hereunder.

17.     Nothing in this Stipulated Protective Order, and no CONFIDENTIAL designation, shall prevent counsel from advising their respective clients in any way relating to this action, provided that counsel does not expressly disclose to its client any information designated by the other Party as CONFIDENTIAL.

18. The court retains the authority to modify this order after giving the parties notice and an opportunity to be heard.

5

Dated: April 20, 2005

**Attorneys for Plaintiff
Amazin' Raisins International, Inc.**

/s/ Gina M. McCreadie
Gina M. McCreadie (BBO # 661107)
Nicholas G. Papastavros (BBO # 635742)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
Telephone: 617-345-1000

Douglas J. Williams (MN # 117353)
Matthew A. Doscotch (MN # 029973X)
MERCHANT & GOULD P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: 612-332-5300
Facsimile: 612-332-9081

Dated: April 20, 2005

**Attorneys for Defendant
Ocean Spray Cranberries, Inc.**

/s/ Michael E. Zeliger
Michael E. Zeliger (BBO # 633654)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110-2804
Telephone: 617-542-5070
Facsimile: 617-542-8906

William R. Woodford (MN # 322593)
FISH & RICHARDSON P.C., P.A.
60 South Sixth Street
Suite 3300 Dain Rauscher Plaza
Minneapolis, MN 55402
Telephone: 612-335-5070
Facsimile: 612-288-9696

21071372.doc

## ORDER

IT IS SO ORDERED this ___ day of April 2005.

                                                    _____
                                                    United States District Judge