## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

—————————————————————————
                                          )

AMAZIN' RAISINS INTERNATIONAL, INC.  )
an Ontario, Canada corporation           )
                                          )

               Plaintiff,      )

v.                                   )    Civ. Action No. 04-12679-MLW

OCEAN SPRAY CRANBERRIES, INC.,     )
a Delaware corporation,              )

               Defendant.     )
—————————————————————————)

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF
## ITS MOTION TO COMPEL DOCUMENT PRODUCTION

**I.      INTRODUCTION**

       Six months ago, Plaintiff Amazin' Raisins International, Inc. ("ARI") served a limited

number of document requests on Defendant Ocean Spray Cranberries, Inc. ("Ocean Spray").

These requests seek information going to the core of ARI's claim for patent infringement.  In

response to ARI's repeated requests for these documents, Ocean Spray merely stated that it is

"looking into the issue," but failed to produce the requested documents.  Accordingly, ARI

respectfully requests that this Court compel Ocean Spray to produce documents responsive to

requests 1, 4, 5, and 12.

**II.     FACTUAL BACKGROUND**

       About a year ago, ARI sued Ocean Spray for infringement of United States Patent No.

5,188,861 ("the '861 patent").  This patent is directed to a process for preparing a flavored fruit

product.  Thereafter, the case was transferred to this Court, and ARI served Ocean Spray with its

first set of document requests.  ARI requested documents concerning the process(es) Ocean

Spray uses in manufacturing its flavored fruit products, as well as documents related to ARI's claim for damages.  (Werner Decl., Ex. A).

Despite numerous requests, Ocean Spray has produced only a limited set of documents concerning its manufacturing process.  These documents fail to provide adequate information concerning Ocean Spray's process, rather, they merely offer a gross overview of Ocean Spray's method.  For instance, Ocean Spray apparently uses an extraction step during its process, yet Ocean Spray's production is virtually devoid of any documents concerning this step.  In fact, not one document concerning the development of this extraction process has been produced.

Likewise, Ocean Spray's production of documents relating to ARI's damages claim is grossly inadequate.  No sales volumes or financial statements have been produced; nor do any of the documents indicate Ocean Spray's profit margin on the accused products.

Throughout October 2005, ARI sent a number of letters to Ocean Spray attempting to resolve this lack of production.  (Werner Decl. Ex. C, D, F, G).  Ocean Spray failed to produce any additional documents in response.  Rather, Ocean Spray simply responded that it was "looking into the issue," and provided no concrete time when such production might occur. (Werner Decl. Ex. E, H).  ARI counsel and Ocean Spray counsel met and conferred on October 19, 2005, regarding Ocean Spray's lack of production, but no resolution was reached regarding these requests.  As ARI prepared this memorandum, Ocean Spray eventually stated it would produce liability-related documents but refused to commit to a date by which ARI could expect to receive the documents.  (Werner Decl., Ex. I, J).  Ocean Spray maintained its refusal to produce damages-related documents.  Moreover, Ocean Spray only agreed to produce liability-related documents "subject to the objections" raised in its responses to ARI's document requests. In view of these inappropriate objections and Ocean Spray's delayed discovery practices thus far,

as well as the upcoming expert report deadlines, ARI seeks an ordering overruling Ocean Spray's

objections and compelling Ocean Spray to produce the requested documents immediately.

Absent such an order, ARI's ability to prepare expert reports and develop its case will be

prejudiced.  Of course, should ARI receive all of the requested documents prior to resolution of

this motion, ARI will be happy to withdraw the motion as it relates to Request Nos. 1, 4, and 5.

## III.    DISCUSSION

Under the Federal Rules of Civil Procedure, a party's rights to discovery are very broad.

*Atchison Casting Corp. v. Marsh, Inc*., 216 F.R.D. 225, 227 (D. Mass. 2003); *Cabana v. Forcier*,

200 F.R.D. 9, 17 (D. Mass 2001).  A party is entitled to discovery regarding "any matter, not

privileged, that is relevant to the claim or defense of any party."  Fed. Civ. P. 26(b)(1).  The

broad scope of discovery "reflects a policy that mutual knowledge of all the relevant facts

gathered by both parties is essential to proper litigation."  *Atchison*, 216 F.R.D. at 227.

A request is considered relevant if "there is any possibility that the information sought

may be relevant to the subject matter of the action."  *Ares-Serono, Inc. v. Organon Int'l. B.V.*,

151 F.R.D. 215, 219 (D. Mass. 1993).  Objections based on overbreadth or undue burden are not

proper absent some concrete showing of such a burden.  *See Skinner v. O'Mara*, 2000 U.S. Dist.

LEXIS 10922 at *5 (D. N.H. July 25, 2000); *Panola Land Buyers Assn. v. Shuman*, 762 F.2d

1550, 1559 (11th Cir. 1985).  Additionally, failure to produce a privilege log can act as a waiver

of any applicable privilege with respect to responsive documents that are withheld.  *See* Fed. R.

Civ. P. 26 (1993 comments).

### A.    Ocean Spray Must Produce Documents Concerning All Aspects of its Manufacturing Process(es).

Document Request Nos. 1, 4, and 5 are all directly related to Ocean Spray's

manufacturing processes.

**REQUEST NO. 1:**

        All documents and things concerning or summarizing the process Ocean Spray uses to manufacture or create its flavored fruit products.

**RESPONSE**:  Ocean Spray objects to this request as overly broad and unduly burdensome. Ocean Spray also objects to this request as seeking information irrelevant to any claim or defense in this action.  Ocean Spray further objects to this request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.  Subject to these objections and the General Objections, Ocean Spray will produce non-privileged, responsive documents within its possession, custody, or control, if any exist, at a time and place mutually convenient to counsel.

In order to prove infringement of a process claim a patentee must show that all elements of the claim are used in the accused process.  *RF Delaware, Inc. v. Pac. Keystone Techs., Inc.*, 326 F.3d 1255, 1266 (Fed. Cir. 2003).  This request seeks documents related to the process(es) accused of infringing the '861 patent -- the core issue of this litigation.  No documents could be more relevant.

Ocean Spray's objections to the request are without merit.  Ocean Spray has made no showing that full production of responsive documents would present any undue burden, and therefore cannot raise such an objection with the Court.  *See Skinner,* 2000 U.S. Dist. LEXIS 10922 at *5; *Panola Land Buyers Assn.*, 762 F.2d at 1559.  Further, Ocean Spray has waived any privilege objections it may have, as it has not yet produced a privilege log.

Notwithstanding its objections, Ocean Spray produced a limited set of documents related only to a flavoring step of the multi-step process it uses to manufacture at least one of its flavored fruit products, and not even all documents concerning this step have been produced. Documents related to the remainder of Ocean Spray's manufacturing process, such as an apparent juice extraction process, have not been produced.  Likewise, Ocean Spray has failed to

produce all documents related to the development of its manufacturing process,[1] or quality control reports documenting the state of the cranberries at various stages of the Ocean Spray process.  These documents must be produced.

Similar to Document Request No. 1, Requests No. 4 and No. 5 relate directly to the flavored fruit pieces created using the accused process.

**REQUEST NO. 4:**

All documents and things concerning testing or analysis of cranberries, Ocean Spray's decharacterized fruit pieces, Ocean Spray's flavored fruit products, and any fruit piece being processed by the Accused Process.

**RESPONSE**:  Ocean Spray objects to this request on the ground that "testing," "analysis," and "decharacterized fruit pieces" are vague and ambiguous.  Ocean Spray also objects to this request as overly broad and unduly burdensome.  In addition, Ocean Spray also objects to this request as seeking information irrelevant to any claim or defense in this action.  Ocean Spray further objects to this request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.  Subject to these objections and the General Objections, Ocean Spray will produce non-privileged, responsive documents within its possession, custody, or control, if any exist, at a time and place mutually convenient to counsel.

**REQUEST NO. 5:**

All documents and things concerning or summarizing the contents or components of cranberries, Ocean Spray's decharacterized fruit pieces, and Ocean Spray's flavored fruit products, including, but not limited to, the amount of acids, solids, soluble solids, insoluble solids, water, sugar, preservatives, or other components in cranberries, Ocean Spray's decharacterized fruit pieces, and Ocean Spray's flavored fruit products.

---

[1] Ocean Spray is the assignee of United States Patent No. 5,320,861, entitled "Fruit Extraction and Infusion," which includes specific process steps related to the manufacture of flavored fruit.  Ocean Spray has not produced any documents related to the development of this process, despite the fact that experimental data was included in the patent application.  Nor has Ocean Spray produced the file history of this patent.

**RESPONSE**:  Ocean Spray objects to this request on the ground that the phrases "contents or components of cranberries" and "decharacterized fruit pieces" are vague and ambiguous.  Ocean Spray also objects to this request as overly broad and unduly burdensome.  In addition, Ocean Spray also objects to this request as seeking information irrelevant to any claim or defense in this action.  Ocean Spray further objects to this request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.  Subject to these objections and the General Objections, Ocean Spray will produce non-privileged, responsive documents within its possession, custody, or control, if any exist, at a time and place mutually convenient to counsel.

Ocean Spray's objections to these document requests are, again, meritless.  The terms and phrases "testing," "analysis," and "contents or components of cranberries" are sufficiently self-explanatory to meet the "reasonable particularity" requirement of Rule 34(b) of the Federal Rules of Civil Procedure.  *See Mitsui & Co. v. Puerto Rico Water Res. Auth.*, 79 F.R.D. 72, 82 (D. P.R. 1978) (citing *Moore's Federal Practice*, describing the "reasonably particular" standard as "whether a reasonable man would know what documents or things are called for").  Further, Ocean Spray itself uses the term "decharacterized fruit pieces" in U.S. Patent No. 5,320,861.  Arguing that the term is vague is at best disingenuous, and at worst deliberately evasive.  Ocean Spray's overbreadth and burdensomeness objections are equally inappropriate because Ocean Spray again fails to particularize any supposed burden it would suffer by responding this request.

As a whole, Ocean Spray's document production is insufficient.  Ocean Spray must produce documents related to *all phases* of its process and the products derived therefrom.  Accordingly, the Court should compel Ocean Spray to produce all documents responsive to Document Request Nos. 1, 4 and 5.

**B.    Ocean Spray Must Produce Financial Information So That ARI Can Assemble its Damages Case.**

Upon a finding of infringement, a patentee is entitled to damages "adequate to compensate for the infringement but in no event less than a reasonable royalty. . ."  35 U.S.C. § 284.  A reasonable royalty is reached by determining the licensing rate at which a hypothetical licensor and licensee would have agreed at the time of infringement.  *Georgia-Pacific v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120-21 (S.D.N.Y. 1970), *modified and aff'd.*, 466 F.2d 295 (2d Cir. 1971).  *Georgia-Pacific* lists fifteen factors that help a court determine the royalty based on such a hypothetical negotiation, including the commercial success and profitability of the product made under the patent, the portion of the profit credited to the invention, any licenses or licensing negotiations, and the extent to which the infringer has made use of the invention.  Alternatively, a patentee can recover any profits it would have made but for infringement by the defendant.  *Panduit Corp. v. Stahlin Bros. FibreWorks, Inc.*, 575 F.2d 1152, 1156 (6th Cir. 1978).

Document Request No. 12 seeks documents relevant to the issues of lost profits and reasonable royalty.

**REQUEST NO. 12:**

Documents sufficient to show the unit volume, sales price, profitability, costs, margins, income, and/or revenue derived by or resulting from Ocean Spray's sales of its flavored fruit products during the past seven years.

**RESPONSE**:  Ocean Spray objects to the phrase "unit volume" as vague and ambiguous.  Ocean Spray also objects to this request to the extent it is not limited to a reasonable and relevant time period.  Subject to these objections and the General Objections, Ocean Spray will produce non-privileged, responsive documents within its possession, custody, or control, if any exist, at a time and place mutually convenient to counsel.

Ocean Spray does not dispute the relevance of the document request.  Documents concerning the relative profitability and sales of Ocean Spray's accused flavored fruit products, in comparison to other items sold by Ocean Spray, demonstrate the significance of the accused products to Ocean Spray's operations and financial condition.  ARI simply cannot conduct a meaningful reasonable royalty or lost profits analysis without the requested information.

Ocean Spray's objections to Request No. 12 must fail.  Ocean Spray's vagueness objections are inappropriate because the phrase "unit volume" is sufficiently self-explanatory to meet the "reasonable particularity" requirement of Rule 34(b).

Ocean Spray's time period objection must fail as well.  It appears that Ocean Spray developed its flavored fruit product manufacturing process(es) to take advantage of cranberry carcasses left over from the manufacture of cranberry juice.  Because the two products are made using the same cranberries, ARI needs information from years in which flavored fruit products were not sold in order to determine any cost savings associated with Ocean Spray's juice products.

Ocean Spray should be compelled to produce the requested damages-related documents.

## IV.    CONCLUSION

Based on the foregoing, ARI respectfully requests this Court to compel Ocean Spray to produce all documents responsive to Document Request Nos. 1, 4, 5, and 12.

Dated: October 27, 2005

Respectfully submitted,

**AMAZIN' RAISINS INTERNATIONAL, INC.**

By its attorneys,

 /s/ Gina M. McCreadie

Nicholas G. Papastavros (BBO # 635742)
Gina M. McCreadie (BBO # 661107)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
Telephone: 617-345-1000

Douglas J. Williams (MN # 117353)
Christopher J. Sorenson (MN # 210118)
Todd Werner (MN # 033019X) (*pro hac vice* admission pending)
MERCHANT & GOULD P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: 612-332-5200
Facsimile: 612-332-9081

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AMAZIN' RAISINS INTERNATIONAL, INC. an Ontario, Canada corporation | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civ. Action No. 04-12679-MLW |
| OCEAN SPRAY CRANBERRIES, INC., a Delaware corporation, | ) ) ) | |
| Defendant. | ) ) ) | |

## DECLARATION OF TODD WERNER IN SUPPORT OF AMAZIN' RAISINS INTERNATIONAL, INC.'S MOTION TO COMPEL

1.     I am an attorney for Merchant & Gould P.C., counsel for Plaintiff Amazin' Raisins International, Inc. ("ARI") in the captioned matter.  I make this declaration on my own information, knowledge, and belief.

2.     Attached hereto as Exhibit A is a true and correct copy of Plaintiff's First Requests for Documents and Things.

3.     Attached hereto as Exhibit B is a true and correct copy of Ocean Spray's Responses to Plaintiff's First Requests for Documents and Things.

4.     Attached hereto as Exhibit C is a true and correct copy of a letter from Todd Werner to William Woodford, dated October 4, 2005.

5.     Attached hereto as Exhibit D is a true and correct copy of a letter from Todd Werner to William Woodford, dated October 11, 2005.

6.     Attached hereto as Exhibit E is a true and correct copy of a letter from William Woodford to Todd Werner, dated October 12, 2005.

1

7.    Attached hereto as Exhibit F is a true and correct copy of email correspondence from Todd Werner to William Woodford and Christopher Sorenson, dated October 14, 2005.

8.    Attached hereto as Exhibit G is a true and correct copy of a letter from Todd Werner to William Woodford, dated October 20, 2005.

9.    Attached hereto as Exhibit H is a true and correct copy of email correspondence from William Woodford to Todd Werner, dated October 12, 2005.


I state under penalty of perjury that the foregoing is true and correct.


Date: _10/27/05_____          _____
                                Todd Werner

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| AMAZIN' RAISINS INTERNATIONAL, INC. an Ontario, Canada corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civ. Action No. 04-12679-MLW |
| OCEAN SPRAY CRANBERRIES, INC., a Delaware corporation, | ) ) ) | |
| Defendant. | ) ) ) | |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR DOCUMENTS**
**AND THINGS TO DEFENDANT**

Pursuant to Federal Rule of Civil Procedure 34 and Local Rule 34.1, Plaintiff Amazin' Raisins International, Inc. ("ARI") requests that Defendant Ocean Spray Cranberries, Inc. ("Ocean Spray") produces for inspection and/or copying the following described documents and things in the possession, custody, or control of Ocean Spray. The requested documents and things are to be made available to ARI within thirty (30) days after service of this document, or sooner if agreed to by the parties or ordered by this court.

If any request, or portion of a request, is unclear, please contact the undersigned counsel and, if possible, the request or portion thereof will be clarified in a reply letter. Any such reply may be treated as a modification of the request or portion thereof.

The definitions and instructions of ARI's First Set of Interrogatories to Defendant Ocean Spray are hereby incorporated by reference.



**EXHIBIT**

A

## DOCUMENTS AND THINGS REQUESTED

**REQUEST NO. 1:**

All documents and things concerning or summarizing the process Ocean Spray uses to manufacture or create its flavored fruit products.

**REQUEST NO. 2:**

Documents and things sufficient to identify when the ingredients listed on the packaging of Ocean Spray's flavored fruit products are added to the Accused Process.

**REQUEST NO. 3:**

All documents and things concerning or summarizing Ocean Spray's "formulas for flavoring" identified in the Declaration of Harold Mantius in Support of Ocean Spray's Motion to Transfer.

**REQUEST NO. 4:**

All documents and things concerning testing or analysis of cranberries, Ocean Spray's decharacterized fruit pieces, Ocean Spray's flavored fruit products, and any fruit piece being processed by the Accused Process.

**REQUEST NO. 5:**

All documents and things concerning or summarizing the contents or components of cranberries, Ocean Spray's decharacterized fruit pieces, and Ocean Spray's flavored fruit products, including, but not limited to, the amount of acids, solids, soluble solids, insoluble solids, water, sugar, preservatives, or other components in cranberries, Ocean Spray's decharacterized fruit pieces, and Ocean Spray's flavored fruit products.

2

**REQUEST NO. 6:**

All documents concerning the ordinary or customary meaning of any or all terms used in the claims of the '861 patent.

**REQUEST NO. 7:**

All documents and things supporting or concerning Ocean Spray's contention that the '861 patent is invalid.

**REQUEST NO. 8:**

All documents and things supporting or concerning Ocean Spray's contention that the '861 patent is unenforceable.

**REQUEST NO. 9:**

All patents or other documents and things that Ocean Spray believes constitute or may constitute prior art to the '861 patent.

**REQUEST NO. 10:**

All documents relating to analysis of patentability or unpatentability, validity or invalidity, enforceability or unenforceability, infringement or noninfringement of the '861 patent, or to the enforceable scope of the '861 patent, including any opinion, search, or investigation, either oral or written, ever considered, proposed, sought, conducted, or obtained by Ocean Spray, or anyone acting on its behalf, or which Ocean Spray or anyone acting on its behalf had access to or knowledge of.

**REQUEST NO. 11:**

All documents and things concerning or considered in preparing any reports, opinions, summaries, memoranda, and communications regarding Ocean Spray's contentions that it does

not infringe the '861 patent, that the '861 patent is invalid, and that the '861 patent is unenforceable.

**REQUEST NO. 12:**

Documents sufficient to show the unit volume, sales price, profitability, costs, margins, income, and/or revenue derived by or resulting from Ocean Spray's sales of its flavored fruit products during the past seven years.

**REQUEST NO. 13:**

All documents and things concerning or considered in preparing any assessments of the damages or potential damages resulting from Ocean Spray's alleged infringement of the '861 patent.

**REQUEST NO. 14:**

All licenses, releases, covenants, settlements, or any other agreement granting rights to Ocean Spray or granted by Ocean Spray related to United States or foreign patents.

**REQUEST NO. 15:**

All documents and things concerning the commercial success of Ocean Spray's flavored fruit products.

**REQUEST NO. 16:**

All documents and things concerning Ocean Spray's plans to market and sell flavored fruit products not currently being sold to consumers.

**REQUEST NO. 17:**

All documents and things concerning consumer studies, polls, surveys, and any other evaluation of the consumer market related to Ocean Spray's introduction of its flavored fruit products.

**REQUEST NO. 18:**

All documents and things referenced or relied upon in answering Plaintiff's First Set of

Interrogatories to Defendant.

Dated: ___April 22, 2005___          By: _~Matthew~_____

                                      **ATTORNEYS FOR PLAINTIFF**

                                      Nicholas G. Papastavros (BBO # 635742)
                                      Gina M. McCreadie (BBO # 661107)
                                      NIXON PEABODY LLP
                                      100 Summer Street
                                      Boston, MA 02110
                                      Telephone: 617-345-1000

                                      Douglas J. Williams (MN # 117353)
                                      Matthew A. Doscotch (MN # 029973X)
                                      MERCHANT & GOULD P.C.
                                      3200 IDS Center
                                      80 South Eighth Street
                                      Minneapolis, MN 55402
                                      Telephone: 612-332-5300
                                      Facsimile: 612-332-9081

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

AMAZIN' RAISINS INTERNATIONAL, INC.
an Ontario, Canada corporation,

        Plaintiff,

    v.

OCEAN SPRAY CRANBERRIES, INC.,
a Delaware corporation,

        Defendant.

Civil Action No. 04-12679-MLW

---

## OCEAN SPRAY'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and Local Rule 34.1, Ocean Spray Cranberries, Inc. hereby responds to Amazin' Raisins International, Inc.'s ("ARI"), First Set of Requests for Documents and Things dated April 22, 2005.

### GENERAL OBJECTIONS

1.    Ocean Spray responds to these requests based on information presently available to it after a reasonable investigation. Ocean Spray expressly reserves the right to supplement its responses. Ocean Spray also reserves the right to produce or use any information disclosed and/or discovered after service of this response in support of or in opposition to any motion, in depositions, or at trial.

2.    Ocean Spray objects to each request to the extent it seeks information beyond the permissible scope of the Federal Rules of Civil Procedure and/or the Local Rules for the United States District Court District of Massachusetts. In responding, Ocean Spray will comply with the obligations imposed on it by the Federal Rules of Civil Procedure and the Local Rules.



EXHIBIT

B

3.    Ocean Spray objects to each request to the extent it seeks disclosure of documents or information protected by the attorney-client privilege, work product doctrine, and/or other applicable privilege or immunity.  Any production Ocean Spray makes of such information is inadvertent and is not intended as a waiver of the applicable privilege or immunity as to such information.

4.    Ocean Spray objects to each request to the extent it seeks information irrelevant to the subject matter of the action and not relevant to any claim or defense in the action, or otherwise seeks information beyond the scope of discovery permitted by Rule 26(b)(1) of the Federal Rules of Civil Procedure.

5.    Ocean Spray objects to each request to the extent it is vague, ambiguous, indefinite, overly broad, unduly burdensome, oppressive and/or does not reasonably identify the document, information, or thing sought.

6.    Ocean Spray objects to each request to the extent it would impose an unreasonable burden or expense on Ocean Spray to produce such documents, information, or things, if any, or requires the creation of material not currently in existence.

7.    Ocean Spray objects to each request to the extent it seeks information not in Ocean Spray's possession, custody, or control.

8.    Ocean Spray objects to each request to the extent it requires Ocean Spray to search for and reveal privileged information from its attorneys' litigation files relating to this case.  Ocean Spray further objects to each request to the extent it would require Ocean Spray to individually list on a privilege log the privileged documents created after the date this suit was filed as unduly burdensome.

2

9.    Ocean Spray objects to each request to the extent it seeks information already in ARI's possession or documents and things that are a matter of public record or otherwise equally available to ARI.

10.    Ocean Spray objects to ARI's definition of "concerning" as being broader than the definition provided in LR 26.5(c)(7).

11.    Ocean Spray objects to ARI's definition of "decharacterized fruit piece(s)" as vague and ambiguous because United States Patent No. 5,320,861 identifies many different types of "fruit pieces."

12.    Ocean Spray objects to these requests on the ground and to the extent they call for the production of documents within thirty days of service of these requests. Ocean Spray will produce documents for inspection and copying at a reasonable time and place to be mutually agreed upon at later date.

13.    The following responses are made without waiving or intending to waive any objection on any ground as to relevancy, privilege, or admissibility of any information provided in response to ARI's requests in any subsequent proceeding or at the trial of this or any other action.

14.    The foregoing General Objections are applicable to and included in Ocean Spray's objections to each and every one of ARI's requests, whether or not specifically raised below. The objections set forth below are not a waiver, in whole or in part, of any of the foregoing General Objections.

15.    The term "non-privileged" means information and documents not protected by either the attorney-client privilege, by attorney work-product immunity, and/or by any other applicable privilege or immunity.

3

## DOCUMENT REQUESTS

### REQUEST NO. 1:

All documents and things concerning or summarizing the process Ocean Spray uses to manufacture or create its flavored fruit products.

**RESPONSE:** Ocean Spray objects to this request as overly broad and unduly burdensome.

Ocean Spray also objects to this request as seeking information irrelevant to any claim or defense

in this action. Ocean Spray further objects to this request to the extent it seeks information

protected by the attorney-client privilege, the attorney work product doctrine, and/or any other

applicable privilege or immunity. Subject to these objections and the General Objections, Ocean

Spray will produce non-privileged, responsive documents within its possession, custody, or

control, if any exist, at a time and place mutually convenient to counsel.

### REQUEST NO. 2:

Documents and things sufficient to identify when the ingredients listed on the packaging of Ocean Spray's flavored fruit products are added to the Accused Process.

**RESPONSE:** Ocean Spray objects to this request as overly broad and unduly burdensome.

Ocean Spray also objects to this request as seeking information irrelevant to any claim or defense

in this action. Subject to these objections and the General Objections, Ocean Spray will produce

non-privileged, responsive documents within its possession, custody, or control, if any exist, at a

time and place mutually convenient to counsel.

### REQUEST NO. 3:

All documents and things concerning or summarizing Ocean Spray's "formulas for flavoring" identified in the Declaration of Harold Mantius in Support of Ocean Spray's Motion to Transfer.

**RESPONSE:** Ocean Spray objects to this request as overly broad and unduly burdensome.

Ocean Spray also objects to this request as seeking information irrelevant to any claim or defense

in this action. Ocean Spray further objects to this request to the extent it seeks information

4

protected by the attorney-client privilege, the attorney work product doctrine, and/or any other

applicable privilege or immunity. Subject to these objections and the General Objections, Ocean

Spray will produce non-privileged, responsive documents within its possession, custody, or

control, if any exist, at a time and place mutually convenient to counsel.

**REQUEST NO. 4:**

All documents and things concerning testing or analysis of cranberries, Ocean Spray's
decharacterized fruit pieces, Ocean Spray's flavored fruit products, and any fruit piece being
processed by the Accused Process.

**RESPONSE:** Ocean Spray objects to this request on the ground that "testing," "analysis," and

"decharacterized fruit pieces" are vague and ambiguous. Ocean Spray also objects to this

request as overly broad and unduly burdensome. In addition, Ocean Spray objects to this request

as seeking information irrelevant to any claim or defense in this action. Ocean Spray further

objects to this request to the extent it seeks information protected by the attorney-client privilege,

the attorney work product doctrine, and/or any other applicable privilege or immunity. Subject

to these objections and the General Objections, Ocean Spray will produce non-privileged,

responsive documents within its possession, custody, or control, if any exist, at a time and place

mutually convenient to counsel.

**REQUEST NO. 5:**

All documents and things concerning or summarizing the contents or components of
cranberries, Ocean Spray's decharacterized fruit pieces, and Ocean Spray's flavored fruit
products, including, but not limited to, the amount of acids, solids, soluble solids, insoluble
solids, water, sugar, preservatives, or other components in cranberries, Ocean Spray's
decharacterized fruit pieces, and Ocean Spray's flavored fruit pieces.

**RESPONSE:** Ocean Spray objects to this request on the ground that the phrases "contents or

components of cranberries" and "decharacterized fruit pieces" are vague and ambiguous. Ocean

Spray also objects to this request as overly broad and unduly burdensome. In addition, Ocean

Spray objects to this request as seeking information irrelevant to any claim or defense in this

action. Ocean Spray further objects to this request to the extent it seeks information protected by

the attorney-client privilege, the attorney work product doctrine, and/or any other applicable

privilege or immunity. Ocean Spray also objects to this request to the extent it seeks documents

that are a matter of public record or are equally available to ARI. Subject to these objections and

the General Objections, Ocean Spray will produce non-privileged, responsive documents within

its possession, custody, or control, if any exist, at a time and place mutually convenient to

counsel.

**REQUEST NO. 6:**

All documents concerning the ordinary or customary meaning of any or all terms used in the claims of the '861 patent.

**RESPONSE:** Ocean Spray objects to this request as premature in its request for information

regarding claim construction of the terms of the '861 patent. ARI has not yet identified the

claims it intends to assert in this action. Ocean Spray also objects to this request as overly broad

and unduly burdensome. Ocean Spray further objects to this request to the extent it seeks

information protected by the attorney-client privilege, the attorney work product doctrine, and/or

any other applicable privilege or immunity. In addition, Ocean Spray objects to this request to

the extent it seeks documents that are a matter of public record or are equally available to ARI.

Subject to these objections and the General Objections, Ocean Spray will produce non-

privileged, responsive documents within its possession, custody, or control, if any exist, at a time

and place mutually convenient to counsel.

**REQUEST NO. 7:**

All documents and things supporting or concerning Ocean Spray's contention that the '861 patent is invalid.

**RESPONSE:** Ocean Spray objects to this request as premature in that ARI has not yet identified

the claims it intends to assert in this action. Furthermore, it is unduly burdensome for Ocean

Spray to respond regarding its contentions at this point in the case. Ocean Spray also objects to

this request to the extent it seeks information protected by the attorney-client privilege, the

attorney work product doctrine, and/or any other applicable privilege or immunity. In addition,

Ocean Spray objects to this request to the extent it seeks documents that are a matter of public

record or are equally available to ARI. Subject to these objections and the General Objections,

Ocean Spray will produce non-privileged, responsive documents within its possession, custody,

or control, if any exist, at a time and place mutually convenient to counsel.

**REQUEST NO. 8:**

All documents and things supporting or concerning Ocean Spray's contention that the '861 patent is unenforceable.

**RESPONSE:** Ocean Spray objects to this request as premature. It is unduly burdensome for

Ocean Spray to respond regarding its contentions at this point in the case. Ocean Spray also

objects to this request to the extent it seeks information protected by the attorney-client privilege,

the attorney work product doctrine, and/or any other applicable privilege or immunity. In

addition, Ocean Spray objects to this request to the extent it seeks documents that are a matter of

public record or are equally available to ARI. Subject to these objections and the General

Objections, Ocean Spray will produce non-privileged, responsive documents within its

possession, custody, or control, if any exist, at a time and place mutually convenient to counsel.

**REQUEST NO. 9:**

All patents or other documents and things that Ocean Spray believes constitute or may constitute prior art to the '861 patent.

**RESPONSE:** Ocean Spray objects to this request as premature in that ARI has not yet identified

the claims it intends to assert in this action. Ocean Spray also objects to this request as overly

broad and unduly burdensome. In addition, Ocean Spray objects to this request as seeking

information irrelevant to any claim or defense in this action. Ocean Spray further objects to this

7

request to the extent it seeks information protected by the attorney-client privilege, the attorney

work product doctrine, and/or any other applicable privilege or immunity. Ocean Spray also

objects to this request to the extent it seeks documents that are a matter of public record or are

equally available to ARI. Subject to these objections and the General Objections, Ocean Spray

will produce non-privileged, responsive documents within its possession, custody, or control, if

any exist, at a time and place mutually convenient to counsel.

**REQUEST NO. 10:**

All documents relating to analysis of patentability or unpatentability, validity or
invalidity, enforceability or unenforceability, infringement or noninfringement of the '861
patent, or to the enforceable scope of the '861 patent, including any opinion, search, or
investigation, either oral or written, ever considered, proposed, sought, conducted, or obtained by
Ocean Spray, or anyone acting on its behalf, or which Ocean Spray or anyone acting on its
behalf, or which Ocean Spray or anyone acting on its behalf had access to or knowledge of.

**RESPONSE:** Ocean Spray objects to this request to the extent it seeks information protected by

the attorney-client privilege, the attorney work product doctrine, and/or any other applicable

privilege or immunity. Ocean Spray also objects to this request as overly broad and unduly

burdensome. In addition, Ocean Spray objects to this request as seeking information irrelevant

to any claim or defense in this action. Ocean Spray further objects to this request to the extent it

seeks documents that are a matter of public record or are equally available to ARI.

**REQUEST NO. 11:**

All documents and things concerning or considered in preparing any reports, opinions,
summaries, memoranda, and communications regarding Ocean Spray's contentions that it does
not infringe the '861 patent, that the '861 patent is invalid, and that the '861 patent is
unenforceable.

**RESPONSE:** Ocean Spray objects to the term "summaries" as vague and ambiguous. Ocean

Spray also objects to this request to the extent it seeks information protected by the attorney-

client privilege, the attorney work product doctrine, and/or any other applicable privilege or

immunity. Ocean Spray further objects to this request as overly broad and unduly burdensome.

In addition, Ocean Spray objects to this request as seeking information irrelevant to any claim or defense in this action. Ocean Spray also objects to this request to the extent it seeks documents that are a matter of public record or are equally available to ARI.

**REQUEST NO. 12:**

Documents sufficient to show the unit volume, sales price, profitability, costs, margins, income, and/or revenue derived by or resulting from Ocean Spray's sales of its flavored fruit products during the past seven years.

**RESPONSE:** Ocean Spray objects to the phrase "unit volume" as vague and ambiguous. Ocean Spray also objects to this request to the extent it is not limited to a reasonable and relevant time period. Subject to these objections and the General Objections, Ocean Spray will produce non-privileged, responsive documents within its possession, custody, or control, if any exist, at a time and place mutually convenient to counsel.

**REQUEST NO. 13:**

All documents and things concerning or considered in preparing any assessments of the damages or potential damages resulting from Ocean Spray's alleged infringement of the '861 patent.

**RESPONSE:** Ocean Spray objects to this request as overly broad and unduly burdensome. Ocean Spray also objects to this request as seeking information irrelevant to any claim or defense in this action. Ocean Spray further objects to this request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Subject to these objections and the General Objections, Ocean Spray will produce non-privileged, responsive documents within its possession, custody, or control, if any exist, at a time and place mutually convenient to counsel.

**REQUEST NO. 14:**

All licenses, releases, covenants, settlements, or any other agreement granting rights to Ocean Spray or granted by Ocean Spray related to United States or foreign patents.

**RESPONSE:** Ocean Spray objects to this request as overly broad and unduly burdensome.

Ocean Spray also objects to this request as seeking information irrelevant to any claim or defense

in this action. In addition, Ocean Spray objects to this request to the extent that it is not limited

to a reasonable and relevant time period and on the ground that it seeks documents containing

confidential information of third parties. Subject to these objections and the General Objections,

Ocean Spray will produce non-privileged, responsive documents within its possession, custody,

or control, if any exist, at a time and place mutually convenient to counsel.

**REQUEST NO. 15:**

All documents and things concerning the commercial success of Ocean Spray's flavored
fruit products.

**RESPONSE:** Ocean Spray objects to this request as overly broad and unduly burdensome.

Ocean Spray also objects to this request as seeking information irrelevant to any claim or defense

in this action. Subject to these objections and the General Objections, Ocean Spray will produce

non-privileged, responsive documents within its possession, custody, or control, if any exist, at a

time and place mutually convenient to counsel.

**REQUEST NO. 16:**

All documents and things concerning Ocean Spray's plans to market and sell flavored
fruit products not currently being sold to consumers.

**RESPONSE:** Ocean Spray objects to this request as overly broad and unduly burdensome.

Ocean Spray also objects to this request as seeking information irrelevant to any claim or defense

in this action. Ocean Spray further objects to this request to the extent it seeks information

protected by the attorney-client privilege, the attorney work product doctrine, and/or any other

applicable privilege or immunity.

10

**REQUEST NO. 17:**

All documents and things concerning consumer studies, polls, surveys, and any other evaluation of the consumer market related to Ocean Spray's introduction of its flavored fruit products.

**RESPONSE:** Ocean Spray objects to this request as overly broad and unduly burdensome. Ocean Spray also objects to this request as seeking information irrelevant to any claim or defense in this action. Ocean Spray further objects to this request on the ground that "consumer market" is vague and ambiguous. Subject to these objections and the General Objections, Ocean Spray will produce non-privileged, responsive documents within its possession, custody, or control, if any exist, at a time and place mutually convenient to counsel.

**REQUEST NO. 18:**

All documents and things referenced or relied upon in answering Plaintiff's First Set of Interrogatories to Defendant.

**RESPONSE:** Ocean Spray objects to this request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Subject to this objection and the General Objections, Ocean Spray will produce non-privileged, responsive documents within its possession, custody, or control, if any exist, at a time and place mutually convenient to counsel.

11

FISH & RICHARDSON P.C.

Date:   May 23, 2005

Michael E. Zeliger (BBO # 633654)
225 Franklin Street
Boston, MA 02110-2804
(617) 542-5070 Telephone
(617) 542-8906 Facsimile

William R. Woodford (MN # 322593)
FISH & RICHARDSON P.C., P.A.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
(612) 335-5070 Telephone
(612) 288-9696 Facsimile

*Attorneys for Defendant*
*Ocean Spray Cranberries, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon an attorney of record for each other party by hand/mail on May 23, 2005.

William R. Woodford

21081731.doc

12

# Merchant & Gould

An Intellectual Property Law Firm

3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota
55402-2215 USA
TEL 612.332.5300
FAX 612.332.9081
www.merchant-gould.com

A Professional Corporation

Direct Contact | 612.336.4709
TWerner@merchant-gould.com

October 4, 2005

William R. Woodford
Fish & Richardson P.C., P.A.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN  55402

Re:    *Amazin' Raisins International, Inc. v. Ocean Spray Cranberries, Inc.*
       Civil Action No. 04-12679-MLW
       M&G No. 14158.1-US-ZA

Dear Mr. Woodford:

I am working with Chris Sorenson on the above-captioned matter. Further to our letters of August 16, 2005, and August 23, 2005, ARI does not believe that Ocean Spray has produced all of the documents requested by ARI. As previously discussed, ARI agreed to review the documents produced by Ocean Spray and analyze the adequacy of the production with respect to damages. Upon reviewing Ocean Spray's production, ARI does not believe the sales summaries provided by Ocean Spray provide sufficient information for ARI to conduct a lost profits and reasonable royalty analysis. Ocean Spray must produce documents sufficient to determine itemized fixed and variable costs associated with the manufacture of each of the flavored fruit products ARI identified in its response to Interrogatory No. 1. Ocean Spray must also produce invoices for all sales of these products and documents concerning any discounts, rebates, or similar items associated with the sale of these items. Documents throughout the period of alleged infringement should be produced, so that ARI can analyze any changes in the costs and revenues associated with these products. Again, these documents are the subject of Request Nos. 12 and 13.

In addition to damages related documents, Ocean Spray's production regarding the process it uses for the production of the above-identified flavored fruit products, which documents are the subject of Request No. 1, is also inadequate. While Ocean Spray did produce some documents regarding this issue, it does not appear that the majority of responsive

Minneapolis/St. Paul
Denver
Seat[...]
Atl[...]
Wa[...]



**EXHIBIT**

C

William Woodford, Esq.
October 4, 2005
Page 2

documents have been produced. For instance, virtually no documents concerning the counter-current extraction process have been produced. Such documents would include information concerning the state of the fruit both before and after this stage of the process, the parameters employed during this process, and any adaptations made to this process in order to produce fruit pieces better suited for the manufacture of flavored fruit products. Likewise, ARI does not believe that all documents concerning the original development of this process have been produced. These documents are highly relevant to the issue of infringement.

Please inform us whether Ocean Spray will agree to produce these documents. If not, please let us know when Ocean Spray is available to discuss the reasons why it feels production of the requested documents is not required.

Very truly yours,

Todd W. Werner

TSW:rdf

cc: Nicholas Papastavros
    Gina McCreadie

# Merchant & Gould

An Intellectual Property Law Firm

3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota
55402-2215 USA
TEL 612.332.5300
FAX 612.332.9081
www.merchant-gould.com

A Professional Corporation

Direct Contact    612.336.4709
TWerner@merchant-gould.com

October 11, 2005

*Via Electronic mail*
*Confirmation by U.S. Mail*

William R. Woodford
Fish & Richardson P.C., P.A.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402

Re:   *Amazin' Raisins International, Inc. v. Ocean Spray Cranberries, Inc.*
      Civil Action No. 04-12679-MLW
      M&G No. 14158.1-US-ZA

Dear Mr. Woodford:

Further to my letters dated October 4, 2005, I have not yet received a response from Ocean Spray regarding whether it intends to produce the requested damages-related documents, or whether the previously provided dates remain available for inspection of Ocean Spray's manufacturing facilities in Middleboro. In order to provide ARI with sufficient time to make the necessary arrangements in order to inspect Ocean Spray's facilities, ARI would appreciate a response as soon as possible. If ARI does not receive a response to these issues by the end of the business day on Thursday, October 13, 2005, it intends to seek appropriate relief from the Court.

Very truly yours,

Todd S. Werner

TSW:rdf

cc: Nicholas Papastavros
    Gina McCreadie

Minneapolis/St. Paul
Denver


EXHIBIT
D

10/12/2005 12:48 FAX 612 288 9696          FISH & RICHARDSON                    ☑002

# FISH & RICHARDSON P.C., P.A.

3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota
55402

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Telephone
612 335-5070

Facsimile
612 288-9696

Web Site
www.fr.com

October 12, 2005

*Via Facsimile*

Todd S. Werner, Esq.
Merchant & Gould
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2215



AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Re:     Amazin' Raisins International v. Ocean Spray Cranberries, Inc.
        Civil Action No. 04-12679-MLW

Dear Mr. Werner:

This letter responds to your two letters dated October 4, 2005 (which we received in the mail on October 11, 2005) and a third letter dated October 11, 2005.

I have received updated information on the projected manufacturing dates for Ocean Spray's flavored fruit products. Ocean Spray completed a run of flavored fruit products at its Middleboro facility at the end of last week and does not anticipate another run until the week of November 14. As for the Tomah facility, Ocean Spray expects to run products during the week of November 7. Please let me know which dates will work. However, also keep in mind that these dates may change slightly as we get into November.

There are a few issues relating to these inspections that need to be resolved before they go forward. First, as I stated in my September 7 letter, we would need to receive a resume from any non-lawyer that will attend the inspection. In addition, we ask that you propose a protocol that we will follow during the inspection. For example, we would like establish a framework for taking video or photographs, removing samples, receiving questions, etc. Please let us know how you plan to conduct the inspection so we can have an agreement in advance.

Finally, with respect to your request for additional damages and production documents, we are looking into the issue and will respond shortly.



EXHIBIT

E

FISH & RICHARDSON P.C.,P.A.

Todd S. Werner, Esq.
October 12, 2005
Page 2

If you have any questions, feel free to call me at (612) 756-2004.

Very truly yours,

*William R. Woodford / pl*

William R. Woodford

WRW/al

60318825.doc

# FISH & RICHARDSON P.C.,P.A.

3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota
55402

Telephone
612 335-5070

Facsimile
612 288-9696

Web Site
www.fr.com

**Date**  October 12, 2005

**To**  Todd S. Werner, Esq.
Merchant & Gould

**Facsimile number**  (612) 332-9081

**From**  William R. Woodford

**Re**  *Amazin' Raisins International v. Ocean Spray Cranberries, Inc.*
Civil Action No. 04-12679-MLW

**Number of pages
including this page**  3

**Message**  Please see attached.

NOTE: This facsimile is intended for the addressee only and may contain privileged or confidential information. If you have received this facsimile in error, please immediately call us collect at 612 335-5070 to arrange for its return. Thank you.

## Rhonda Firner

**From:** Christopher J. Sorenson
**Sent:** Monday, October 17, 2005 10:15 AM
**To:** Amy J. Mullenix; Carol Firner; Douglas Williams; Melissa Wisher; Rhonda Firner; Todd S. Werner
**Subject:** FW: Amazin' Raisins v. Ocean Spray

for the file

---

**From:** Todd S. Werner
**Sent:** Friday, October 14, 2005 3:07 PM
**To:** 'William Woodford'
**Cc:** Christopher J. Sorenson
**Subject:** RE: Amazin' Raisins v. Ocean Spray

Bill:

With respect to the inspection, Monday, November 7 or Tuesday, November 8 will work for us. Please let me know if we can make arrangements for the inspection on either of these days.

Also, please let me know your availability for a teleconference next Monday or Tuesday to discuss to the outstanding discovery issues, including: the production of damages-related documents and documents concerning the manufacturing process for the Accused Products, potential deposition dates, and inspection protocol.

Best regards,

Todd S. Werner
Merchant & Gould, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Tel: 612.336.4709
Fax: 612.332.9081
twerner@merchant-gould.com

-----Original Message-----
**From:** William Woodford [mailto:woodford@fr.com]
**Sent:** Friday, October 14, 2005 11:58 AM
**To:** Christopher J. Sorenson; Todd S. Werner
**Cc:** Michael Zeliger
**Subject:** Amazin' Raisins v. Ocean Spray

Gentlemen:

In the letter I sent earlier this week, I identified a number of possible dates that will be available for inspection next month. Could you please let me know which dates will work? I would like to nail down a time as soon as possible before our schedules fill up. Thanks.

10/17/2005

EXHIBIT
F

Bill

**William R. Woodford**
~ **Fish & Richardson P.C., P.A.**
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
Email: woodford@fr.com
Tel: 612-766-2004
Fax: 612-288-9696

# Merchant & Gould

An Intellectual Property Law Firm

3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota
55402-2215 USA
TEL 612.332.5300
FAX 612.332.9081
www.merchant-gould.com

A Professional Corporation

Direct Contact | 612.336.4709
TWerner@merchant-gould.com

October 20, 2005

*Via Electronic Mail*
*Confirmation by U.S. Mail*

William R. Woodford
Fish & Richardson P.C., P.A.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402

Re:    *Amazin' Raisins International, Inc. v. Ocean Spray Cranberries, Inc.*
       Civil Action No. 04-12679-MLW
       M&G No. 14158.1-US-ZA

Dear Mr. Woodford:

Further to the conversation we conducted yesterday, I write to memorialize the specific requests that ARI has regarding a number of discovery issues.

We first discussed the insufficiency of Ocean Spray's production of documents related to the issue of damages. Specifically, ARI requests the following documents:

1.    Annual financial statements for Ocean Spray, from two years prior to introduction of the accused products until the present.

2.    Internal detailed monthly financial statements, including (1) balance sheets, (2) income sheets, (3) cash flow statements, and (4) footnotes; from one year prior to the introduction of the accused products until present.

3.    Monthly product financial statements for the accused products and any other products created from the same cranberries as those used to produce the accused products. Such financial statements should include sales units, sales revenues, and all costs associated with each such product. ARI requests these documents from one year prior to the introduction of the accused products until present.

4.    To the extent Ocean Spray has not produced all profitability forecasts for each of the accused products, Ocean Spray should also produce these documents.

Minneapolis/St. Paul
Denver
Seat
Atla
Was



EXHIBIT

G

William Woodford, Esq.
October 20, 2005
Page 2


     5.     All documents related to any licenses negotiated by Ocean Spray on any of its products, whether or not such negotiations eventually resulted in the execution of a licensing agreement.

As we discussed in our conversation, all of this information is relevant to ARI's claim for lost profits and/or a reasonable royalty, and must be produced.

     We also discussed a variety of liability-related documents that Ocean Spray has not yet produced. Specifically, ARI requests the production of all documents related to the conception and reduction to practice of the process claimed in U.S. Pat. No. 5,320,861. Such documents would include, for example, any documents related to the experiments included in the examples in the aforementioned patent, the reasons Ocean Spray decided to develop such a product, and any other documents related to the development of the process used to create any of the accused products. In addition, ARI requests the production of any quality control records, including any documents concerning the state of the cranberry and cranberry carcasses at all stages of the manufacturing process with respect to the accused products. These documents bear directly upon ARI's claim of infringement, and must be produced.

     With respect to the Rule 30(b)(6) deposition on the issue of damages and document production, Ocean Spray stated that it would look into potential dates for this deposition. With respect to the deposition of Becky Dubowik, you stated that you would provide potential deposition dates. As I mentioned during our conversation, ARI needs to conduct these depositions sometime in November, preferably during the first half thereof.

     Finally, we discussed the protocol for the inspection to be conducted on November 8 at the Tomah, Wisconsin, manufacturing facility. Ocean Spray would not agree to provide an individual to inform ARI of any differences between the process used at the Tomah facility compared to the process used at the Middleboro facility, instead proposing that ARI add a category to its Rule 30(b)(6) deposition notice on this issue. ARI agreed to not videotape this inspection, however, ARI requested permission to take photographs during the inspection, if it should so desire, which photographs would be subject to the protective order agreed upon by the parties. In addition, ARI requested that an Ocean Spray representative inform ARI, during the inspection, the order of the steps in the process. Both parties agree that this inspection would go forward on November 8th.

     As we discussed during our conversation, ARI must receive the above requested information immediately in order for it to have sufficient time to prepare expert reports, which

William Woodford, Esq.
October 20, 2005
Page 3

are currently due December 15, 2005. Accordingly, if Ocean Spray does not agree to produce requested documents by the end of business tomorrow, ARI will be forced to file a motion to compel.

With best regards,

Todd S. Werner

TSW:rdf

Enclosures

cc: Nicholas Papastavros
    Gina McCreadie

**Andrew J. Lagatta**

| | |
|---|---|
| **From:** | Todd S. Werner |
| **Sent:** | Monday, October 24, 2005 12:04 PM |
| **To:** | Andrew J. Lagatta |
| **Subject:** | FW: Amazin' Raisins v. Ocean Spray |

-----Original Message-----
**From:** William Woodford [mailto:woodford@fr.com]
**Sent:** Wednesday, October 19, 2005 9:54 AM
**To:** Todd S. Werner
**Cc:** Michael Zeliger; Christopher J. Sorenson
**Subject:** RE: Amazin' Raisins v. Ocean Spray

Todd,

I am back in the office today and available to discuss the issues raised below if you would like. Please let me know if you would like to do the inspection on November 8 in Tomah so we can lock that day in. If you do an inspection on the 8th, are you also planning to inspect the Middleboro facility the next week?

Also, with respect to the inspection protocol, please send me a proposal. Once I see how you plan to conduct the inspection, I will let you know if we have any objections.

Finally, as to the document requests, we are still looking into the issue and hope to have an answer shortly.

Regards,

Bill

**From:** William Woodford
**Sent:** Tuesday, October 18, 2005 8:13 AM
**To:** Todd S. Werner
**Subject:** RE: Amazin' Raisins v. Ocean Spray

Todd:

I was out of the office yesterday and will also be out today. I am available tomorrow to discuss discovery issues. Also, I believe November 8 will work for an inspection.

Bill

**From:** Todd S. Werner [mailto:TWerner@Merchant-Gould.com]
**Sent:** Fri 10/14/2005 3:07 PM
**To:** William Woodford



10/26/2005

**Cc:** Christopher J. Sorenson
**Subject:** RE: Amazin' Raisins v. Ocean Spray

Bill:

With respect to the inspection, Monday, November 7 or Tuesday, November 8 will work for us. Please let me know if we can make arrangements for the inspection on either of these days.

Also, please let me know your availability for a teleconference next Monday or Tuesday to discuss to the outstanding discovery issues, including: the production of damages-related documents and documents concerning the manufacturing process for the Accused Products, potential deposition dates, and inspection protocol.

Best regards,

Todd S. Werner
Merchant & Gould, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Tel: 612.336.4709
Fax: 612.332.9081
twerner@merchant-gould.com

-----Original Message-----
**From:** William Woodford [mailto:woodford@fr.com]
**Sent:** Friday, October 14, 2005 11:58 AM
**To:** Christopher J. Sorenson; Todd S. Werner
**Cc:** Michael Zeliger
**Subject:** Amazin' Raisins v. Ocean Spray

Gentlemen:

In the letter I sent earlier this week, I identified a number of possible dates that will be available for inspection next month. Could you please let me know which dates will work? I would like to nail down a time as soon as possible before our schedules fill up. Thanks.

Bill

**William R. Woodford**
**~ Fish & Richardson P.C., P.A.**
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
Email: woodford@fr.com
Tel: 612-766-2004
Fax: 612-288-9696

# FISH & RICHARDSON P.C.,P.A.

3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota
55402

Telephone
612 335-5070

Facsimile
612 288-9696

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

October 25, 2005

*VIA FACSIMILE*

Christopher J. Sorenson, Esq.
Merchant & Gould
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2215

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Re:     *Amazin' Raisins Int'l v. Ocean Spray Cranberries, Inc.*
        Civil Action No. 04-12679-MLW

Dear Mr. Sorenson:

This letter responds to Mr. Werner's letter dated October 20, 2005.

We have now had the opportunity to review ARI's supplemental infringement contentions in detail. ARI's contentions have reaffirmed our belief that there is no basis for maintaining this infringement action against Ocean Spray. As Ocean Spray explained long before ARI filed suit, there are several limitations in claim 1 that are not present in Ocean Spray's process.

For example, step (a) of the claimed process requires the treatment of a "dried fruit." According to the first paragraph of the patent's detailed description, a dried fruit is one that contains "between about 10% and 18% moisture." The requirement that the process begin with a dried fruit is not only explicit in the claims, but was also repeatedly emphasized by the applicants during prosecution to overcome prior art. In particular, the applicants stated: "In contrast, Applicants claim a process including a one step rehydration and a one step dehydration, which process is advantageous over Barlow."

As you know, Ocean Spray's process does not involve treating dried fruit. Ocean Spray begins with frozen cranberries and essentially bombards them with water using its patented counter-current extraction process to remove the fruit's flavor. Neither the frozen cranberries that are treated with the counter-current extraction process nor the cranberries that result from the process are "dried" as required by the claims. ARI's construction of "dried fruit" to cover frozen or water-treated cranberries is contrary to the intrinsic evidence and cannot provide a reasonable basis to support ARI's infringement claim.



FISH & RICHARDSON P.C.,P.A.

Christopher J. Sorenson, Esq.
October 25, 2005
Page 2

Nevertheless, as we agreed months ago, we will allow you to inspect Ocean Spray's manufacturing facility to see the process and verify that Ocean Spray does not infringe ARI's patent. Should ARI pursue its claims after it has inspected Ocean Spray's manufacturing facility, we will consider ARI's claims to be frivolous and will seek an appropriate remedy from the Court.

For the reasons stated above, we believe that damages discovery in this case is premature, unduly burdensome, and ultimately unnecessary. Accordingly, we propose a stay of damages discovery pending your inspection of Ocean Spray's manufacturing facility. If you decide to continue this action thereafter, we will ask to bifurcate the case and postpone all damages discovery until after liability discovery, a *Markman* hearing, and the resolution of summary judgment motions on liability.

As to your liability-related document requests, we will produce documents relating to the conception and reduction to practice of Ocean Spray's counter-current extraction process to the extent they exist and have not already been produced. We will also produce quality control records concerning the state of the cranberry and cranberry carcasses at the various stages of the manufacturing process if they exist.

With respect to Ms. Dubowik's deposition, she is generally available during the first two weeks of December. Please let me know your availability during that time.

Finally, with respect to the protocol for the inspection, Ocean Spray will not object to your request to take photographs as long as they are subject to the protective order. However, we will not permit the questioning of Ocean Spray employees during the inspection. Should you have any questions, I ask that you direct your questions to me and I will answer your questions as appropriate.

Very truly yours,

William R. Woodford

WRW/jal

60320672.doc

**Todd S. Werner**

| | |
|---|---|
| **From:** | William Woodford [woodford@fr.com] |
| **Sent:** | Thursday, October 27, 2005 10:31 AM |
| **To:** | Todd S. Werner |
| **Subject:** | RE: Amazin' Raisins v. Ocean Spray |

Todd, I meant to say the objections in response to ARI's requests for documents in the email below.

**From:** William Woodford
**Sent:** Thursday, October 27, 2005 10:29 AM
**To:** 'Todd S. Werner'
**Subject:** RE: Amazin' Raisins v. Ocean Spray

Todd,

Subject to the objections noted in response to ARI's interrogatory requests, Ocean Spray will produce all responsive documents that it can find. Ocean Spray is currently searching through its documents. I do not have a timetable as to when additional documents, if any, will be produced. I will let you know when I have more information.

Bill

**From:** Todd S. Werner [mailto:TWerner@Merchant-Gould.com]
**Sent:** Thursday, October 27, 2005 10:23 AM
**To:** William Woodford
**Cc:** Christopher J. Sorenson
**Subject:** Amazin' Raisins v. Ocean Spray

Bill:

Further to your letter of October 25, 2005, you stated that Ocean Spray agreed to produce the requested liability-related documents concerning Ocean Spray's manufacturing process(es). Please note that ARI's document requests (specifically, Request Nos. 1, 4, and 5) are not limited to the categories of documents listed in your letter, rather, ARI believes that there are many responsive documents concerning all aspects of Ocean Spray's manufacturing process(es), and the development thereof, that have not yet been produced. Please confirm that Ocean Spray will produce responsive documents related to all of the Accused Products, which products are identified in ARI's supplemental responses to your interrogatories. This issue has been pending for quite some time now, and, as I am sure you are well aware, in view of the upcoming expert report deadlines ARI cannot afford to wait much longer for these documents. Please confirm whether Ocean Spray can expect to receive these documents by next Tuesday, November 1, 2005.

Best regards,



Todd S. Werner
Merchant & Gould, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Tel:  612.336.4709
Fax:  612.332.9081
twerner@merchant-gould.com