UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMAZIN' RAISINS INTERNATIONAL, INC., an Ontario, Canada corporation, <br><br> Plaintiff, <br><br> v. <br><br> OCEAN SPRAY CRANBERRIES, INC., a Delaware corporation, <br><br> Defendant. | Civ. Action No. 04-12679-MLW |

**DECLARATION OF Clifford D. Richler**

I, Clifford D. Richler, declare:

1. I am the Vice President of Amazin' Raisins International, Inc. ("ARI"), an Ontario, Canada Corporation. I make this declaration on my own information, knowledge and belief.

2. On March 24, 2006, I attended a settlement meeting relating to this matter in Washington, DC on March 24, 2006 with Jack Mazin, the owner and President of ARI.

3. The meeting occurred at the offices of Merchant & Gould in Washington.

4. ARI's outside counsel Douglas Williams was present at the meeting, as was outside counsel for Ocean Spray (Mr. Zeliger) and in-house counsel for Ocean Spray (Ms. Sharenow).

5. The meeting lasted for approximately two and one-half ours, and I recall that each of the participants at the meeting conducted themselves in a professional and respectful manner, with two exceptions. There were no discussions with the Ocean Spray representatives that were not in my presence during the entire meeting.

6. During the meeting, I observed a heated exchange between Mr. Williams and Mr. Zeliger. Mr. Zeliger, suggested that ARI would not be able to afford the cost associated with taking its case against Ocean Spray to trial, and through an appeal.

7. In response to this comment, Mr. Williams explained that Ocean Spray need not concern itself with whether the cost to ARI to protect its patents against Ocean Spray would be sustainable. He explained that Merchant & Gould had already estimated the likely cost of proceeding in this litigation through to trial, and that ARI was committed to trying this case to a jury, if necessary.

8. Mr. Williams did not state that Merchant & Gould had full authority to settle the case at any time during the meeting.

9. I also recall that Mr. Zeliger made a comment to Mr. Williams suggesting that ARI should also consider the probability that ARI would have to pay Ocean Spray's attorney fees.

10. Another vigorous exchange followed, but Ms. Sharenow intervened. Ms. Sharenow asked Mr. Zeliger to stop suggesting such things, and commented that there would be no talk of Ocean Spray seeking fees against ARI. Mr. Zeliger complied with Ms. Sharenow's directive, and no further mention of attorneys fees occurred during the meeting.

11. The March 24, 2006 discussions concluded with a very good development, in my view.

12. Ms. Sharenow was very interested in the ARI business model, and (upon ARI's request) agreed to coordinate a meeting between me, Jack Mazin, and various Ocean Spray executives to explore the possibility of a business relationship between the parties.

13. The business meeting occurred shortly after our meeting in DC, on April 20, 2006. Jack and I met with the following executives from Ocean Spray: Keneth Romanzi (Chief Operations Officer of Ocean Spray); Sila D. Cansever (Ocean Spray's Director of Research &

09/28/2007  11:51  9057310133                                                    PAGE  09/09

Development); Robert C. Beams (Ocean Spray Director of Agricultural Supply Strategy); Steven Harris (Senior Marketing Manager of Ocean Spray); Robert J. Stambaugh (Manager of Custom Manufacturing and Strategic Alliances); and Kristen Bosari (Marketing Manager).

14.  After introductions, Jack passed out a sample of ARI's flavored raisin product and explained a private label program that ARI had recently been negotiating through Loblaw's, a major grocery retain company in Canada.

15.  When the general meeting with these executives ended, Ms. Sharenow arrived, and introduced Jack and I to Randy Papadellis, the Chief Executive Officer of Ocean Spray. Mr. Papadellis was cordial, professional, and seemed genuinely interested in working with ARI.

16.  At no time during this second meeting did any executive of Ocean Spray mention that they thought ARI had engaged in "a willful abuse of the judicial system" against Ocean Spray. Nor did any Ocean Spray executive even suggest that ARI's efforts were in bad faith, or that ARI had attempted to extort Ocean Spray. To the contrary, each executive seemed genuinely interested in working with ARI.

I declare under penalty of perjury under the laws of the United States of American that the foregoing is true and correct.

Executed on this 28th day of September 2007.

_____
Clifford D. Richler