IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMAZIN' RAISINS INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> OCEAN SPRAY CRANBERRIES, INC., <br><br> Defendant. | Civil Action No. 1:04-cv-12679-MLW |

## REPLY MEMORANDUM IN SUPPORT OF MOTION TO AMEND JUDGMENT AND AWARD ATTORNEYS' FEES

This is a case that warrants an award of attorney's fees to Ocean Spray Cranberries, Inc. ("Ocean Spray"), the prevailing party. The plaintiff, Amazin' Raisins International, Inc. ("ARI") brought a claim for patent infringement premised based on claim construction theories that lacked any support in the intrinsic record. In ARI's view *dried fruit* could include *wet fruit* with nearly 90% moisture content; and treating fruit with *acid* to *remove* flavor could include a process that uses *water* to *remove* flavor, followed by *acid* to *restore* to restore flavor. ARI relied solely on contrived expert opinions to support these theories, which is specifically proscribed by patent law. At the same time it remained willfully blind to the facts needed to prove infringement. Indeed ARI *never* even tested either the moisture content of the accused decharacterized fruit or whether acid had been used to remove flavor. In short, ARI knew or reasonably should have known that it could not prevail on the merits in this case. According to prevailing precedent from the Court of Appeal for the Federal Circuit, such circumstances are indicia of bad faith.

ARI's case was replete with additional problems, gaps and deficiencies. While its opposition brief attempts to excuse them, as explained below, these attempts do not withstand scrutiny.

## I.    A Meritless Infringement Case Amounts to an Exceptional Case

When "the patentee is manifestly unreasonable in assessing infringement, while continuing to assert infringement in court, an inference is proper of bad faith, whether grounded in or denominated wrongful intent, recklessness, or gross negligence." *Eltech Sys., Corp. v. PPG Indus.*, 903 F.2d 805, 811 (Fed. Cir. 1990). No reasonable party or attorney could have alleged, in good faith that "wet" is "dried"; that "water" is an "acidulant"; that "remove" means "mask" or that "remove" means "restore." Yet these are the pillars of ARI's case. Claim terms are to be construed primarily on the basis of the intrinsic record – the patent, the file history, and the cited references. *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005) (en banc). None of these sources supports ARI's claim construction positions. Instead, ARI resorted to the least reliable evidence of all – the extrinsic opinions of inventors and paid experts. Dkt. No. 101, pg. 28. The Court found a suggestion that these opinions were "contrived by counsel solely for purpose of this litigation" and "clearly at odds with the extrinsic evidence." *Id.* ARI objects to the Court's characterization and pleads, "that two persons of skill in the art agree on the proper construction of a patent claim term does not support an inference that the construction was 'contrived' in any manner." Dkt. No. 117, pg. 5, fn. 3. This statement, while perhaps true, is completely irrelevant. ARI's was not the proper construction. Moreover, as the Court observed, ARI's declarants reached identical conclusions that bear no relationship to the intrinsic record, without ever speaking to one another. Dkt. No. 101, pg. 28. These matching opinions were not coincidental and did not magically and independently align. Rather they clearly came from the same, biased

source. Furthermore there is no objective extrinsic evidence – such as other patents or publications – that support these opinions. They are simply as the Court indicated contrived by counsel for this litigation. They also prove that this case is exceptional.

## II. Failure to Test the Decharacterized Fruit is Evidence of Bad Faith

Failure to test accused products or processes can be evidence that a case is exceptional. *Eltech Sys., Corp.* 903 F.2d 805 at 810 (Fed. Cir. 1990) (Plaintiff's "total failure to employ [the accused] process or test [the accused devices]" made available to it was evidence of bad faith and supported a finding of exceptional case). ARI never tested the accused process to see if it could have possibly infringed for any of the claimed process steps – including whether Ocean Spray started with dried fruit or used acid to remove flavor.

ARI never tested the moisture content of the decharacterized fruit to determine if it qualified as dried fruit. Dkt. No. 101, pg 31. ARI's explanation is that such testing was unnecessary under its proposed construction. Dkt. No. 117, pg. 7, fn. 3. Thus in ARI's view, moisture content is irrelevant to whether something qualifies as "dried fruit".[1] This is completely at odds with the intrinsic record. It also reflects flawed, circular logic. According to ARI's argument, a patentee can relieve itself of performing any due diligence about its infringement case if it can be creative enough to articulate an infringement theory that requires no diligence – even if that theory is completely untethered from the intrinsic record. However, the reasonableness of a patentee's case considers both its infringement theory and its testing or investigation. See *Eltech Sys., Corp. v. PPG Indus.*, 903 F.2d 805 (Fed. Cir. 1990). In this case both were deficient.

---

[1] Ironically, ARI criticizes Ocean Spray, the defendant, for failing to test the moisture content of its decharacterized fruit. This, of course, reflects a fundamental misunderstanding of who bears the burden of proving infringement. Dkt. No. 101, pp. 30-31.

ARI also failed to test the whether Ocean Spray's process uses acid to remove flavor. ARI responded that an Ocean Spray witness made admissions that relieved ARI of its obligation to do so, because he testified that the decharacterized fruit has some residual flavor. Dkt. No. 117, pg. 7. However, this was no revelation. ARI knew since before filing suit and certainly before demanding samples that decharacterized fruit has residual flavor. Indeed, ARI noted in its opposition brief this testimony is "consistent with Ocean Spray's patent." *Id.* at pg. 4. It is undisputed that ARI had this patent before filing suit. Thus it is impossible to reconcile ARI's current position that testing was unnecessary with its earlier insistence that samples "will facilitate our evaluation of your position and may provide the basis for an early resolution." Dkt. No. 107, Ex. 6. The truth is that ARI never tested the fruit because it preferred not to know the results. This is further evidence of bad faith.

### III.    ARI's Excuses Do Not Withstand Scrutiny

As outline in Ocean Spray's opening memorandum, ARI had numerous other problems with its case. These included the consequences of ARI's theories on the patent's validity, ownership of the patent and conduct during settlement negotiations. While Ocean Spray is tempted to provide line item responses to each of ARI's purported excuses for these problems, it acknowledges that a "he said" – "she said" debate would not be particularly productive or helpful to the Court. Nonetheless certain statements demand a reply.

The Court has now received two very different views of what happened during the March 24, 2006 settlement conference. Ocean Spray and its counsel strongly disagree with Mr. Mazin's and Mr. Richler's versions of the events. Moreover, Ocean Spray notes the conspicuous absence of any declaration from Mr. Williams, to whom the key comments are attributed. However, rather than repeat Ocean Spray's recollection of those events, we point out the faulty logic

underlying ARI's contentions. Why, as ARI alleges, would Ocean Spray's counsel attempt to intimidate ARI by threatening increase legal fees, when ARI was admittedly represented by contingent fee counsel? Aside from the important ethical considerations that proscribe such conduct, it would make no sense to increase fees for a party that is not paying any fees. Moreover, Ocean Spray's actual conduct differs from the sinister portrait ARI paints. It was Ocean Spray, not ARI that proposed early summary judgment and bifurcation of damages discovery to keep costs note. Note that ARI's brief carefully recites that it "agreed" to these proposals. Dkt. No. 117, pg. 6. They were Ocean Spray's suggestions. Query whether Ocean Spray would offer such cost saving procedures if it were trying to intimidate ARI and inflate fees.

Next, Ocean Spray explained in its opening brief that the chain of title for the Mazin patent is convoluted and confusing. Moreover, for a period of time during this litigation, ARI did not own the patent, and it failed to disclose or explain this during discovery. In the face of strong circumstantial evidence of foul play, ARI now states, for the first time and without being subject to the rigors of discovery or cross examination that the undisclosed and unexplained assignments was simply to "consolidate" Mr. Mazin's "intellectual property." Dkt. No. 116, ¶ 24. During the litigation, when ARI was obligated to respond to discovery requests on this point, and when its response could have been tested, ARI chose to remain silent. This forced Ocean Spray to ferret out information from third parties at considerable expense. Ocean Spray considers the timing and substance of ARI's purported explanation at this late date to be suspicious and incomplete.

Lastly, Ocean Spray explained in its opening memorandum that if ARI's contrived claim construction had been adopted, then the asserted claim would be invalid as anticipated. ARI's

response – which it also failed to provide during the litigation – was that Ocean Spray failed to prove invalidity for three reasons: (1) Ocean Spray failed to point out how the reference discloses each feature of the asserted claim. However, Ocean Spray provided this very detail more than a year ago in a letter to ARI's counsel. Dkt. No. 107, Ex. 15; (2) The '968 prior art patent has a different goal than the Mazin patent. For purposes of anticipation, the goal of the prior art patent is legally irrelevant. *Kalman v. Kimberly-Clark Corp.*, 713 F.2d 760, 772, 218 U.S.P.Q. (BNA) 781, 789 (Fed. Cir. 1983) ("The law of anticipation does not require that the reference 'teach' what the subject matter of the patent teaches . . . . It is only necessary that the claims under attack, as construed by the court, 'read on' something disclosed in the reference."), overruled in part on other grounds, *SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1125 (Fed. Cir. 1985) (in banc); and (3) The '968 patent is not enabling ("[the '968 patent] would not have enabled one of ordinary skill in the art to perform the Mazin invention" Dkt. No. 117, pg. 15). However, as indicated in the very case that ARI cites, a prior art patent is ***presumed*** enabled. *Amgen, Inc. v. Hoechst Marion Roussel, Inc.*, 457 F.3d. 1293, 1307 (Fed. Cir. 2006). Thus the three criticisms of Ocean Spray's position all fail. But more importantly, ARI misses the point. Ocean Spray is not contending the Mazin patent, as properly construed, is anticipated by the '968 patent. Instead, Ocean Spray is arguing that because ARI's interpretation of the Mazin patent was so unduly broad, ARI could not prove infringement and still survive an invalidity challenge. Ocean Spray explained this to ARI, but during the litigation ARI failed to respond. This is further evidence that ARI and its counsel were completely and deliberately unreasonable in assessing their infringement case.

**IV.     ARI Does Dispute that Ocean Spray's Fees Were Reasonable**

Ocean Spray notes that ARI did not object to the reasonableness of the fees Ocean Spray seeks, nor the rationale behind calculating the same.

**V.     Conclusion**

For the foregoing reasons and as more fully detailed in its opening memorandum, Ocean Spray requests that ARI and its counsel be held accountable for Ocean Spray's reasonable attorney's fees.

Dated:  October 29, 2007              /s/ Michael E. Zeliger
**KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP**
Michael E. Zeliger (BBO # 633654)
State Street Financial Center
One Lincoln Street
Boston, MA  02111
(617) 261-3100 Telephone
(617) 261-3175 Facsimile

William R. Woodford (*pro hac vice*)
**FISH & RICHARDSON P.C.**
60 South Sixth Street
Suite 3300 Dain Rauscher Plaza
Minneapolis, MN 55402
(612) 335-5070 Telephone
(612) 288-9696 Facsimile

*Attorneys for Defendant*
Ocean Spray Cranberries, Inc