```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


AMAZING RAISINS INTERNATIONAL,   )
INC.,                            )
     Plaintiff,                  )
                                 )
          v.                     )   C. A. No. 04-12679-MLW
                                 )
OCEAN SPRAY CRANBERRIES, INC.,   )
     Defendant                   )
```

                        MEMORANDUM AND ORDER

WOLF, D.J.                                         August 16, 2008

On August 20, 2007, this court granted defendant Ocean Spray Cranberries Inc.'s ("Ocean Spray") motion for summary judgment in an action for patent infringement filed by plaintiff Amazin' Raisins International, Inc. ("Amazin' Raisins"). On September 4, 2007, Ocean Spray filed a Motion to Alter Judgment and Award Attorneys' Fees. On September 18, 2007, Amazin' Raisins filed a notice of appeal to the Federal Circuit. On September 28, 2007, Amazin' Raisins timely opposed Ocean Spray's motion for attorneys' fees.

On December 13, 2007, the Federal Circuit issued an Order deactivating Amazin Raisins' appeal because it characterized Ocean Spray's September 4, 2007 motion as "a motion of the type enumerated in Fed. R. App. P. 4(a)(4) . . . rendering the notice of appeal ineffective." That Order further stated that "[t]he appeal will be reactivated upon entry of the order disposing of the last such outstanding motion."

In issuing its Order, the Federal Circuit was evidently relying on Ocean Spray's assertion in the September 4, 2007 Motion to Alter Judgment and Award Attorneys' Fees that it was filed pursuant to Federal Rule of Civil Procedure 59(e). Federal Rule of Appellate Procedure 4(a)(4)(A)(iv) provides that the time to file an appeal runs from the entry of an order disposing of a Rule 59 motion to alter a judgment.

However, examination of Ocean Spray's September 4, 2007 motion makes it clear that it is actually a motion for attorneys' fees filed pursuant to Federal Rule of Civil Procedure 54(d). The motion seeks attorneys' fees under 35 U.S.C. §285 and 28 U.S.C. §1927. It was filed on September 4, 2007, within fourteen days after the entry of judgment on August 20, 2007, as required by Rule 54(d)(2)(B). If the motion was, indeed, filed pursuant to Rule 59(e), it was untimely because that Rule provides that such motions must be filed no later than ten days after the entry of judgment.

The August 20, 2007 judgment was immediately appealable, despite the pendency of the motion for an award of attorneys' fees. See Budinich v. Becton Dickinson & Co., 486 U.S. 196 (1988); PODS, Inc. v. Porta Stor, Inc., 484 F.3d 1359, 1365 (Fed. Cir. 2007).

Under Federal Rule of Appellate Procedure 4(a)(4)(A)(iii), the time to file an appeal runs from the entry of an order deciding a motion "for attorneys' fees under Rule 54 if the district court extends the time to appeal under Rule 58" (emphasis added).

This court has not extended the time to appeal in this case and would prefer not to do so. If the summary judgment decision of this court is reversed, the issue of whether Ocean Spray should be awarded attorneys' fees will be moot and judicial resources will be conserved. See Air Turbine Tech., Inc. v. Atlas Copco, 2004 WL 3778793, at *5 (S.D. Fla. Apr. 20, 2004). If the Federal Circuit affirms this court's decision, its reasoning may influence this court's judgment as to whether attorneys' fees should be awarded to Ocean Spray.

Therefore, unless otherwise directed by the Federal Circuit, this court will stay deciding Ocean Spray's disputed motion for attorneys' fees until the merits of Amazin' Raisins' appeal are resolved. This approach was not criticized by the Federal Circuit in Air Turbine. See Air Turbine Tech., Inc. v. Atlas Copco AB, 410 F.3d 701 (Fed. Cir. 2005). It has also been employed in other cases. See Contessa Food Prods., Inc. v. Conagra, Inc., 282 F.3d 1370, 1376 (Fed. Cir. 2002) (noting that the district court stayed an award of damages, fees, costs, and interest pending appeal, pursuant to the parties' agreement); Nikken USA, Inc. v. Robinsons-May, 21 Fed. Appx. 915, 917 (Fed. Cir. 2001) (noting without disapproval the district court's decision to "stay[] damages and attorney fees proceedings pending appeal"); Phonometrics, Inc. v. ECI Telecom Business Networks, No. 99-1161, 2000 WL 286359, at *2 (Fed. Cir. 2000) (noting that "[t]he district court had deferred

-3-

ruling on Tadiran's motion for attorney fees and costs pending hte outcome of Phonometrics' appeal"); <u>Jones v. Brown</u>, 41 F.3d 634, 636 (Fed. Cir. 1994) (noting a stay of motion for attorney fees when such motion was made pursuant to 28 U.S.C. §2412).

    Accordingly, it is hereby ORDERED that:

    1.  If Amazin' Raisins wishes to pursue its appeal, it shall submit this Memorandum and Order forthwith to the Federal Circuit with a motion to reactivate its appeal.

    2.  The parties shall inform this court of whether the Federal Circuit has reactivated the appeal or ordered this court to decide first Ocean Spray's motion for attorneys' fees.

    3.  If Amazin' Raisins decides not to pursue its appeal, the parties shall confer and, by October 3, 2008, inform the court whether they have settled their dispute concerning Ocean Spray's motion for attorneys fees or request that the court decide it.

    4.  The case is otherwise STAYED.

                                      /s/ Mark L. Wolf  
                                      UNITED STATES DISTRICT JUDGE